**In the Matter of James S. DAL SANTO, Respondent.**

**No. 45S00–1101–DI–25.**

Supreme Court of Indiana.

Sept. 19, 2011.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent admits numerous violations with his trust account from 2005 through 2009, which include writing numerous checks that did not clear due to insufficient funds, allowing the balance to become negative, writing checks to "cash," using trust funds for personal expenses, and failure to keep proper records of his trust account.

The parties cite no facts in aggravation. The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; and (3) Respondent is remorseful and accepts responsibility for his actions.

**Violations:** The parties agree that Respondent violated the following rules: Professional Conduct Rules:

1.15(a): Failure to safeguard property of clients; treating client funds as his own; failure to maintain and preserve complete records of client trust account funds.

8.4(b): Committing a criminal act (conversion) that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

Ind. Admission and Discipline Rules:

23(29)(a)(3): Failure to maintain and preserve a detailed ledger for each trust, client, or beneficiary with funds deposited in a trust account.

23(29)(a)(4): Commingling client funds with other funds of the attorney or firm.

23(29)(a)(5): Making withdrawals from a trust account without written withdrawal authorization stating the amount and purpose of the withdrawal and the payee; making withdrawals from a trust account by checks payable to "cash."

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning November 1, 2011, with 60 days actively served and the remainder stayed subject to completion of 18 months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall show that all trust account errors have been corrected and that all misapplied funds have been restored to the account.

(2) Respondent's trust account shall be monitored and audited by a certified public accountant at Respondent's expense.

(3) Respondent shall complete three continuing legal education hours on trust account management.

(4) Respondent shall have no violations of the Rules of Professional Conduct of the Admission and Discipline Rules during his probation.

(5) If Respondent violates his probation, the Court may revoke his probation and he may be required to actively serve the balance of the stayed suspension without automatic reinstatement.

Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DAVID, J., who would reject the conditional agreement, believing the discipline is insufficient in light of the misconduct admitted.